**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| TEXAS, §<br>　　Plaintiff, §<br>　　　　　　　　　　　　　　　§<br>v. §<br>　　　　　　　　　　　　　　　§<br>TRAVIS COUNTY, TEXAS; SALLY §<br>HERNANDEZ, in her official capacity as §<br>Sheriff of Travis County, Texas; CITY OF §<br>AUSTIN, TEXAS; ORA HOUSTON, §<br>DELIA GARZA, SABINO RENTERIA, §<br>GREGORIO CASAR, ANN KITCHEN, §<br>JIMMY FLANNIGAN, LESLIE POOL, §<br>ELLEN TROXCLAIR, KATHIE TOVO, §<br>and ALISON ALTER, all in their official §<br>capacities as City Council Members of the §<br>City of Austin, Texas; STEVE ADLER, in §<br>his official capacity as Mayor of the City of §<br>Austin, Texas; ELAINE HART, in her §<br>official capacity as Interim City Manager of §<br>the City of Austin, Texas; and the §<br>MEXICAN AMERICAN LEGAL §<br>DEFENSE AND EDUCATION FUND, §<br>　　Defendants. § | CIVIL ACTION NO. 1:17-CV-425-SS |

## **CITY OF AUSTIN'S MOTION TO DISMISS**

TO THE HONORABLE SAM SPARKS, UNITED STATES DISTRICT JUDGE:

The City of Austin, Interim City Manager Elaine Hart, City Council Members Ora Houston, Delia Garza, Sabino Renteria, Gregorio Casar, Ann Kitchen, Jimmy Flannigan, Leslie Pool, Ellen Troxclair, Kathie Tovo, and Alison Alter, and Mayor Steve Adler (all together, "City") file this motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

**I.   SUMMARY**

1.   Texas' suit seeks to fabricate a case or controversy based upon public statements by City officials who believe Senate Bill No. 4 (SB 4) is unconstitutional. The suit fails to establish

jurisdiction because Texas has suffered no injury, the law is not in effect, and the State's complaint seeks an impermissible advisory opinion. Thus, the City's motion to dismiss should be granted.

## II.     FACTS DEFEATING JURISDICTION

### A. Texas Filed Suit Before SB 4 Went into Effect

2.     The State filed this suit on May 7, 2017. Dkt. 1.

3.     Because SB 4 did not garner a two-thirds majority of all members elected to each house, the law will go into effect on September 1, 2017.[1] *See* Dkt. 1-1 at 16 (§ 7.02); *id.* at 17 (showing votes of Senate and House achieving less than a two-thirds majority).

### B. Texas Complains that City Officials Criticized SB 4 Before it Became a Law

4.     Texas complains that City officials publicly expressed their belief that SB 4 is not a constitutional exercise of the State's power. *See* Dkt. 1 ¶¶ 10, 113, 147-149.

5.     Although Texas alleges that the City is violating SB 4 in various ways, it fails to identify any alleged acts or omissions of the City occurring between the time the Governor signed SB 4 into law and the time of suit. Texas has not—and cannot—identify any City acts or omissions violating SB 4 that occur after the effective date of September 1, 2017.

### C. SB 4 Contains Provisions to Punish Non-Compliant Municipalities and Officials

6.     SB 4 prohibits "local entities" (a term defined to include municipalities and their employees and officials) from adopting, enforcing, or endorsing any policy that would prohibit or "materially limit" local police or other officials from enforcing "immigration laws." Dkt. 1-1 at 5-6 (§ 752.053). To enforce compliance with this provision, SB 4 provides that the Texas Attorney General may file suit to seek a civil penalty against a non-complaint local entity. If awarded by the

---

[1] Texas inexplicably omits the effective date of SB 4 from its complaint, instead pleading "Senate Bill is Texas law as of May 7, 2017." Dkt. 1 ¶ 115.

court, the penalty must be between $1,000 and $1,500 for the first day of a violation, and between $25,000 and $25,500 for each additional day of a violation. *Id.* at 6-7 (§§ 752.055-752.056).

7.      SB 4 punishes any elected or appointed official who "adopt[s], enforce[s], or endorse[s]" a policy that limits local police investigations of immigration status. *Id.* at 8-9 (§ 752.0565 (incorporating by reference § 752.053). Pursuant to this provision, SB 4 requires the Attorney General to file a *quo warranto* action against any elected or appointed official if the AG is presented with evidence, "including evidence of a statement by the public officer," establishing probable cause that the official violated SB 4 by, for example, endorsing an objectionable policy. The penalty for an official found "guilty as charged" is removal from office. *Id.*

### III.    ARGUMENT AND AUTHORITIES

#### A. A Plaintiff Must Establish Standing to Invoke the Jurisdiction of this Court

8.      The United States Constitution limits the jurisdiction of the federal courts to "Cases" or "Controversies." U.S. CONST., Art. III, § 2. "The doctrine of standing gives meaning to these constitutional limits by identifying those disputes which are appropriately resolved through the judicial process." *Susan B. Anthony List v. Driehaus*, 134 S.Ct. 2334, 2341 (2014) (internal citation omitted).

9.      To establish standing, a plaintiff must show: (1) it has suffered, or imminently will suffer, a concrete and particularized injury-in-fact; (2) the injury is fairly traceable to defendant's conduct; and (3) a favorable judgment is likely to redress the injury. *Cruz v. Abbott*, 849 F.3d 594, 598 (5th Cir. 2017). To satisfy the injury-in-fact requirement, a plaintiff must allege an injury that is actual or imminent, not conjectural or hypothetical. *Id.*

10.     The Declaratory Judgment Act also requires an "actual controversy" between the parties before a federal court may exercise its jurisdiction. 28 U.S.C. § 2201(a); *Aetna Life Ins.*

*Co. v. Haworth*, 300 U.S. 227, 239-41 (1937). The standard under Article III is "identical to the actual controversy requirement under the Declaratory Judgment Act." *Texas v. West Pub'g Co.*, 882 F.2d 171, 175 (5th Cir. 1989), *cert. denied*, 493 U.S. 1058 (1990). A district court lacks subject matter jurisdiction to issue a declaratory action pursuant to 28 U.S.C. § 2201(a) unless an actual controversy exists. *Id.*; *see also Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000).

11.     "Federal courts do not render advisory opinions." *Life Partners, Inc. v. Life Ins. Co. of North America*, 203 F.3d 324, 325 (5th Cir. 1999). "It is not the function of district courts to sit in judgment on these nice and intriguing questions which today may readily be imagined, but may never in fact come to pass." *Villas at Parkside Partners v. City of Farmers Branch*, 577 F.Supp.2d 880, 883 (N.D.Tex. 2008) (citation omitted). The Supreme Court has rejected attempts to use the Declaratory Judgment Act to obtain an advisory opinion:

> The declaratory judgment procedure is available in the federal courts only in cases involving an actual case or controversy, where the issue is actual and adversary, and it may not be made the medium for securing an advisory opinion in a controversy which has not arisen.

*Coffman v. Breeze Corp.*, 323 U.S. 316, 324 (1945) (citations omitted).

12.     "The refusal to provide advisory opinions is even greater in cases seeking a determination of the constitutionality of a law." *Villas at Parkside*, 577 F.Supp.2d at 884 (*citing Ashwander v. Tennessee Valley Auth.*, 297 U.S. 288, 346-47 (1936)). In *Villas at Parkside*, the City of Farmers Branch attempted to obtain a ruling on the constitutionality of an ordinance it had recently passed. The district court dismissed the action for lack of jurisdiction, ruling that the City sought an impermissible advisory opinion. 577 F.Supp.2d at 885. In reaching its conclusion, the district court reasoned that "it would open a Pandora's box and invite every local government to seek a court's judicial blessing on an ordinance by giving it a prospective effective date and filing

4

legal action to obtain an advisory opinion on the constitutionality of the ordinance before it went into effect." *Id.* at 884-85. In this case, with this lawsuit, the State of Texas is inviting the Court to open this Pandora's box. The Court should reject that invitation and dismiss the State's claims.

### B. Texas Failed to Allege Any Constitutional Injury

13. Texas claims the Fourth Amendment, the 10th Amendment, and the Supremacy Clause as the bases for its suit. Dkt. 1 ¶¶ 155-202. The State has failed to allege any conduct by the City that violates any of these constitutional provisions, however.

15. In regard to the Fourth Amendment, Texas does not allege that it has suffered any unreasonable search or seizure, nor that the City is responsible for any such injury. Thus, it has failed to establish standing to sue under the Fourth Amendment.

16. In regard to the 10th Amendment, the Constitution provides for an action against the federal government based upon impermissible "commandeering" of state resources. *See, e.g., Printz v. U.S.*, 521 U.S. 898 (1997). Texas does not allege any facts that would support a 10th Amendment cause of action against the City, however, and thus fails to establish standing.

17. Finally, in regard to the Supremacy Clause, the State does not cite any City law or ordinance that would be preempted by federal law. Accordingly, the State has failed to establish jurisdiction over its preemption cause of action

### C. Texas Seeks an Impermissible Advisory Opinion

18. SB 4 is not in effect. Texas attempts to cure this problem by arguing that SB 4 is "law." Dkt. 1 ¶ 115. Simply claiming that a bill has been signed and printed does not cure the State's jurisdictional defect, however. It is impossible for the City to take any action that would violate a not yet effective law, much less impose a cognizable legal injury upon the State. Accordingly, Texas has failed to establish standing and cannot invoke this Court's jurisdiction.

19. Highlighting this jurisdictional defect, the Texas Attorney General filed suit mere hours after Governor Abbott signed SB 4 into law. Texas names twelve individual City defendants but does not identify any unconstitutional conduct that occurred in the period of time between the bill becoming a law and the suit being filed. Given that the Governor announced his signing online via "Facebook Live," Sunday evening, May 7, 2017,[2] and given that the AG filed suit at midnight that same evening, it is not surprising that the State cannot identify a single objectionable act during the relevant time period.

### D. Equitable Relief is Inappropriate Because Texas Has an Adequate Remedy at Law

20. The Declaratory Judgment Act confers no jurisdiction but is instead a procedural device designed to provide an additional remedy for the federal court toolbox. *See Haworth*, 300 U.S. at 239-40. A district court is not required to provide declaratory judgment relief, and it is a matter for the district court's sound discretion whether to decide a declaratory judgment action. *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 494 (1942); *Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599, 601 (5th Cir. 1983).

21. A court may properly consider the existence of an adequate alternate remedy when dismissing a declaratory judgment claim for lack of jurisdiction. *Mission*, 706 F.2d at 603 (citing 10A C. Wright, Miller & M. Kane, Federal Practice & Procedure: § 2758 (2d ed. 1983)); *see also Granite State Ins. Co. v. Tandy Corp.*, 986 F.2d 94, 95-96 and fn. 3 (5th Cir. 1992) (noting that *Mission* states the 5th Circuit rule for discretionary jurisdiction over declaratory judgment claims).

---

[2] *See* https://www.facebook.com/TexasGovernor/videos/10155316084703256/?hc_ref=SEARCH (last accessed May 18, 2017); *see also* "Texas Gov. Abbott springs surprise on critics, with unannounced Facebook live signing of sanctuary ban," Washington Post, May 8, 2017, at https://www.washingtonpost.com/news/morning-mix/wp/2017/05/08/texas-gov-abbott-springs-surprise-on-critics-signing-sanctuary-cities-ban-unannounced-on-facebook-live/?utm_term=.e79324c0c394 (last accessed May 18, 2017).

22. Here, if SB 4 takes effect, the law provides its own remedial scheme. The State can seek to impose large civil fines on municipalities that protect their immigrant populations, and the State can seek to remove from office elected officials who dare to advocate for the civil and human rights of their constituents. Here, the City has done nothing that would trigger Texas' the right to sue. Indeed, the City could not do anything that would give the State the right to seek relief until SB 4 goes into effect. Even if the State is insecure about the constitutionality of a law the Legislature passed and the Governor signed, this Court is not the venue for the State to seek relief from any anxiety.

**PRAYER**

Texas has failed to establish subject matter jurisdiction. The City requests that the Court grant its motion to dismiss.

Respectfully submitted,

ANNE L. MORGAN, CITY ATTORNEY
MEGHAN L. RILEY, CHIEF, LITIGATION

/s/ Michael Siegel
MICHAEL SIEGEL
State Bar No. 24093148
CHRISTOPHER COPPOLA
State Bar No. 24036401
Assistant City Attorneys
City of Austin – Law Department
P. O. Box 1546
Austin, Texas 78767-1546
Telephone: (512) 974-2888
Facsimile: (512) 974-1311
Michael.Siegel@austintexas.gov
Christopher.Coppola@austintexas.gov

ATTORNEYS FOR CITY DEFENDANTS

## CERTIFICATE OF SERVICE

This is to certify that I have served a copy of the foregoing *City Defendants' Original Answer* on all parties, or their attorneys of record, in compliance with the Federal Rules of Civil Procedure, this 24th day of May, 2017.

**Via Electronic Filing**
Brantley D. Starr, Deputy First Assistant Attorney General
Michael C. Toth, Special Counsel to the First Assistant Attorney General
Andrew D. Leonie, Associate Deputy Attorney General
Austin R. Nimocks, Associate Deputy Attorney General
Darren McCarty, Special Counsel for Civil Litigation
David J. Hacker, Senior Counsel
Joel Stonedale, Counsel
Office of Special Litigation
Attorney General of Texas
P.O. Box 12548, Mail Code 009
Austin, Texas 78711-2548

**ATTORNEYS FOR PLAINTIFF**

/s/ Michael Siegel
MICHAEL SIEGEL