IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **TEXAS,** § | |
| *Plaintiff,* § | |
| § | |
| v. § | |
| § | |
| § | |
| **TRAVIS COUNTY, TEXAS;** § | |
| **SALLY HERNANDEZ, in her official** § | |
| **capacity as Sheriff of Travis County,** § | |
| **Texas; CITY OF AUSTIN, TEXAS;** § | |
| **ORA HOUSTON, DELIA GARZA,** § | Civil Action No. 1:17-cv-00425-SS |
| **SABINO RENTERIA, GREGORIO** § | |
| **CASAR, ANN KITCHEN, JIMMY** § | |
| **FLANNIGAN, LESLIE POOL,** § | |
| **ELLEN TROXCLAIR, KATHIE TOVO,** § | |
| **And ALISON ALTER, all in their official** § | |
| **Capacities as City Council Members of** § | |
| **The City of Austin, Texas; STEVE** § | |
| **ADLER, in his official capacity as** § | |
| **Mayor of the City of Austin, Texas;** § | |
| **ELAINE HART, in her official capacity** § | |
| **as Interim City Manager of the City of** § | |
| **Austin, Texas; and the MEXICAN** § | |
| **AMERICAN LEGAL DEFENSE AND** § | |
| **EDUCATION FUND;** § | |
| *Defendant.* § | |

**DEFENDANTS' TRAVIS COUNTY AND SHERIFF SALLY HERNANDEZ'S**
**AMENDED MOTION TO DISMISS PURSUANT TO RULE 12 (b)(1)**
**AND REQUEST TO EXPEDITE RULING**

TO THE HONORABLE JUDGE SAM SPARKS:

COME NOW, Defendants Travis County and Sheriff Sally Hernandez, in her official capacity as Sheriff of Travis County, (hereafter "Travis County") and file this Amended Motion to Dismiss pursuant to F.R.C.P. 12 (b)(1) and Request to Expedite Ruling.[1] Travis County respectfully moves the Court to dismiss Plaintiff State of Texas' (hereafter "the State")

---

[1] An "official capacity" lawsuit is in actuality a lawsuit against the unit of government. *Will v. Michigan Dept. of State Police*. 491 U.S. 58, 71 (1989).

Complaint for want of subject matter jurisdiction and in support thereof, Travis County offers the following:

## I.   SUMMARY

In its Complaint, [DKT 1] the State prays that the Honorable Court declare as constitutional a statute, S.B. 4, that under Texas law, is already presumed constitutional. *Burlington Northern & Santa Fe Ry.Co. v. Poole Chemical Co.*, 419 F. 3d 355, 361 (5th Cir. 2005) citing *Enron Corp. v. Spring Indep. Sch. Dist.*, 922 S.W. 2d 931, 934 (Tex. 1996).  The State, and its allegations, fail to properly invoke the Court's juridisdiction for two related reasons: (1) the relief as sought by the State is not justiciable; and (2) the State does not have standing to pursue the relief it seeks.

Article III of the U.S. Constitution provides federal courts with the jurisdiction to adjudicate "'concrete legal issues, presented in actual cases, not abstractions.'" *Golden v. Zwickler*, 394 U.S. 103 108 (1969) quoting *United Public Workers of America v Mitchell*, 330 U.S. 75, 89 (1947).  Justiciablity is a broader concept that includes standing. *Flast v. Cohen*, 392 U.S. 83, 95 (1968).  The reach of justiciablity is "illustrated by the various grounds upon which questions sought to be adjudicated in the federal courts have been held not to be justiciable. Thus, no justiciablity controversy is presented when . . . the parties are asking for an advisory opinion." *Id*.

As for the somewhat narrower concept of standing, the Supreme Court has held,  "[t]he doctrine of standing gives meaning to these constitutional limits ["cases" and "controversies" under Art. III] by 'idenify[ing] those disputes which are appropriately resolved through the judicial process.'" *Susan B. Anthony List v. Driehous*, 134 S. Ct. 2334, 2341 (2014) quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  Both justiciablity and standing are

threshold jurisdictional issues. *Farmer v. Mabus*, 940 F. 2d 921 (5th Cir. 1991). The State has not, and cannot, meet these threshold jurisdictional requirements, and for these reasons, this case should be dismissed pursuant to F.R.C.P. 12 (b)(1).

## II.  TRAVIS COUNTY JOINS IN THE CITY'S MOTION TO DISMISS

Travis County joins in the City of Austin's Motion to Dismiss [DKT 16] and offers this motion as a supplement to the City's arguments.

## III.  STANDARD OF REVIEW

Given the frivolous nature of the State's claim, *sua sponte* dismissal of this case is appropriate; the State has not properly invoked the Honorable Court's jursidcition and a case may not proceed forward with such a serious jurisidictional defect. *Gonzalez v. Thaler*, 555 U.S. 134, 141 (2012). Nonetheless, Travis County moves for dismissal of the State's cause pursuant to F.R.C.P. 12(b)(1) which authorizes dismissal of a case for lack of subject matter jurisdiction. Under 12(b)(1), a claim may not be dismissed unless it appears certain that a plaintiff cannot prove any set of facts in support of its claim which would entitle it to relief. *Benston v. United States*, 960 F. 2d 19, 21 (5th Cir. 1992) citing *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). If the State's allegations are taken as true, it has not properly invoked the Court's jurisdiction and, pursuant to F.R.C.P. 12(b)(1), this Amended Motion to Dismiss must be granted. *Id*.

## IV. REQUEST TO EXPEDITE RULING

The State has filed a Motion to Consolidate [DKT 17] in an effort to consolidate into the instant case, a case from San Antonio, Civil Action No. 5:17-cv-404-OG; *City of El Cenizo, Texas, et al*; In the United States District Court for the Western District of Texas; San Antonio Division. Travis County asserts that the Court can either dismiss the State's case *sua sponte* or

grant this Motion to Dismiss, as well as those of the other Defendants, and mooting the State's Motion to Consolidate. *Benton v. U.S. E.P.A.,* 2013 WL 4483091 *1. It appears that the State has filed the instant case to take advantage of the "first filed" rule, and thereby, provoking a "disorderly race to the courthouse" by some of those parties who are interested in S.B. 4. Such action by the State is not supported by the Fifth Circuit nor the Supreme Court. *See Amerada Petroleum Corp., v. Marshall*, 381 F. 2d 661, 663 (5th Cir. 1967); *Cunningham Brothers, Inc. v. Bail*, 407 F. 2d 1165 (7th Cir.), cert. denied, 395 U.S. 959 (1969). For these reason, Travis County requests an expedited ruling on all Motions to Dismiss in this case and such ruling will render as moot the State's Motion to Consolidate.

## IV.   ARGUMENTS AND AUTHORITIES

### A. Background and State's Allegations.

Immediately after Governor Abbott signed S.B. 4, which will become effective on September 1, 2017, the State filed the instant suit, a Complaint for Declaratory Judgement naming as defendants local governments, elected officials and a non-profit advocacy group. In this suit, the State is requesting that this Court declare the State's own statute, S.B. 4, constitutional even though S.B. 4 is already presumed to be constititutional under Texas law, see *Burlington Northern & Santa Fe Ry.Co. v. Poole Chemical Co., supra.*

In an effort to establish a strawman defendant, the State relies on two incorrect assertions: first, the State asserts, falsely, that S.B.4 is "law as of May 7, 2017." [2] [DKT. 1 p. 10, 113, 147-149] even though it will not become effective until September 1, 2017. Second, the State asserts that statements made by Sheriff Hernandez and Travis County Judge Eckhardt prior to S.B. 4's

---

[2] Evidence of the disingenuous nature of the State's Complaint in the instant case is found in the State's own Motion to Transfer Venue filed in San Antonio [Dkt. 14]. In the San Antonio pleading, the State alleges that S.B. 4 will not take effect until September 1, 2017, whereas in the instant case, the State asserts that S.B.4 is already the applicable law and that the Defendants are violating it.

passage constitute a current violation of the S.B. 4 because these officials were publicly opposed to the concepts underlying S.B. 4. [Dkt 1 p. 2 & 14].  The State further complains that Travis County, generally, does not cooperate with federal immigration detainer requests and that this alleged lack of cooperation hampers the federal government's authority. [DKT 1 p. 15].

**B.  State is not, and will never be, the proper plaintiff; lacks standing.**

While a federal court would have jurisdiction to determine whether, or not, S.B. 4 complies with various aspects of the United States Constitution, the State is not, and can never be,  the proper plaintiff to request such a determination: not now and not after S.B. 4 goes into effect on September 1.  As a plaintiff requesting a judicial affirmation of its own statute, a statute that is already presumed constitutional, the State does not have standing to pursue such a declaration by a federal court.

The jurisdiction of the Federal Court is both "defined and limited by Article III of the Constitution." *Susan v. Anthony List v. Driehous,* 134 S. Ct. at 2341.  Further, the Court's power is restricted to "cases and controversies." *Id*.  The doctrine of standing gives meaning to which disputes are appropriately resolved through the judicial process. *Id*.  In making a determination on standing for Article III purposes, courts must make two inquiries: (1) is the party who is attempting to invoke federal court jurisdiction a proper party to bring the claim; and (2) what is the claim sought to be adjudicated. *Flast v. Cohen,* 392 U.S. 83, 99-102.  Also see, *Warth v. Seldon,* 422 U.S. 490 (1975).  To determine whether a party has standing, courts must discern, the "nexus between the status asserted by the litigant and the claim he presents to insure that [the litigant] is a proper and appropriate party to invoke federal jurisdiction." *Flast v. Cohen, 392 U.S.* at 102.

Regarding part one of the standing inquiry, "the question is whether the person whose standing is challenged is a proper party to request an adjudication of a particular issue and not whether the issue itself is justiciable." *Id at* 99-100.  The Supreme Court continues, "A proper party is demanded so that federal courts will not be asked to decide 'ill-defined controversies over constitutional issues.'" *Id. citing United Public Workers of America v. Mitchell,* 330 U.S. at 90.  The Supreme Court likens the "proper party" aspect of the standing inquiry to the rule that the federal courts will not entertain friendly lawsuits. *Flast v. Cohen*, 392 U.S. at 100.

As for part two of the standing inquiry, i.e. the dispute in question, the inquiry is as follows: "whether the dispute touches upon "the legal relation of parties having adverse legal interests." *Id*.

When applying part one of the standing analysis to the instant cause, it is evident that the State will never be a proper plaintiff for seeking a declaration on the constitutionality of its own statute. This is because the statute is presumed constitutional and any opinion rendered in favor of the State would just be further affirmation of the statute's constitutionality, and thereby advisory in nature. (See discussion, *infra*).  In seeking this affirmation by the Court, the State is like a party in a friendly lawsuit: seeking a court to "sign off" on something that the State already presumes is true i.e. the alleged constitutionality of S.B. 4.

As to the second part of the inquiry, i.e. the claim sought to be adjudicated, the constitutionality of S.B. 4 could, appropriately, be called into question, but that cause must be asserted by parties who are *challenging* the constutitionality of S.B 4, and therefore, have legal interests that are *adverse* to those of the State. *Flast v. Cohen*, 392 U.S. at 101-102.  Such a party i.e. a party that has an interest adverse to the State, would be a proper party to challenge the

constitutionality of S.B. 4. is *Flast v. Cohen*, 392 U.S. at 99-101.  For these reasons, this motion to dismiss should be granted.

### C. State is seeking an advisory opinion contrary to Article III.

In essence, the State is seeking an advisory opinion from the Honorable Court and such a request is not justiciable.  *Flast v, Cohen,* 392 U.S. at 95-96.  In quoting a well known treatise, the Supreme Court asserts that 'the oldest and most consistent thread in federal law of justiciability is that federal courts will not give advisory opinions.'"  *Flast v. Cohen,* 392 U.S. at 96. quoting  C. Wright, Federal Courts 34 (1963).  Regarding advisory opinions, the Supreme Court cautions, "[w]hen a court is asked to provide an opinion on actions of the legislative branch, without a dispute that could be resolved through the judicial process, such opinion would be contrary to the separation of powers prescribed by the Constitution under Article III, and thereby, such court would lack jurisdiction over the issue."  *Id*.  Here, the State's Complaint [DKT 1] requesting that the Honorable Court declare as constitutional a statute that is already presumed constitutional under Texas law, lacks a concrete dispute that can be resolved through the judicial process.  Any opinion rendered by the Honorable Court on the validity of the State's Complaint would be advisory in nature.  For this reason, the case should be dismissed for lack of jurisdiction.

### D. The State does not meet the requirements of the Declaratory Judgment Act.

In the alternative, and in addition to the preceeding arguments, Travis County asserts an additional reason for dismissal: the State does not meet the requirements of the Declaratory Judgment Act.  Despite the hypothetical nature of the State's claims, it has chosen to sue Travis County pursuant to the Declaratory Judgement Act.  The Declaratory Judgment Act is limited to "actual controversies within the jurisdiction."  28 U.S.C. 2201.  Also see, *Golden v. Zwickler*,

394 U.S. at 109- 110.  For a court to adjudicate constitutional issues, those issues must be "concrete legal issues, presented in actual cases, not abstractions." *Id.* quoting *United Public Workers of American v. Mitchell*, 330 U.S. at 89.  As the Supreme Court holds, "No federal court whether this court or district court, has '**jurisdiction to pronounce any statute, either of a state or of the United States, void, because it is irreconcilable with the constitution, except as it is called upon to adjudge the legal rights of litigants in actual controversies.**' . . . The express limitation of the Declaratory Judgment Act to cases of actual controversy is an explicit recognition of this principle."  *Golden v. Zwicker,* 394 U.S. at 110 quoting *Liverpool, N.Y. & P.S.S. Co. v. Commissioners*, 113 U.S. 22 , 39 (1885). (Emphasis added).  While there may be a forum for the federal government or the State to address immigration enforcement concerns regarding Travis County, a declaratory judgement action in federal court is not the correct vehicle or forum.  For this reason, this case should be dismissed for lack of jurisdiction.

   E.  **Conclusion**

Travis County respectfully requests that the Honorable Court dismiss the State's Complaint under F.R.C.P. 12(b)(1) because the Court lacks subject matter jurisidiction for the following reasons: (1) the State is not, and can never be, the proper plaintiff to seek a declaration affirming the constitutionality of S.B. 4, a statute that is, by state law, presumed constitutional until a court finds otherwise;  (2) the State seeks a declaration by the Court that the State's own statute, S.B. 4, complies with the U.S. Constitution, and thereby, the State seeks an opinion from the Court that is advisory in nature; (3) the State's Complaint fails to comply with the requirements of the Declaratory Judgment Act.  For these reasons, Travis County's Amended Motion to Dimiss should be granted.

## V. PRAYER

For these reasons Travis County respectfully prays that the Honorable Court dismiss the State's cause pursuant to F.R.C.P. 12 (b)(1), expedite a ruling on this matter, and for all other relief both at law and in equity to which Travis County may be justly entitled.

Respectfully submitted,

**DAVID A. ESCAMILLA**
**TRAVIS COUNTY ATTORNEY**
P. O. Box 1748
Austin, Texas  78767
(512) 854-9415
(512) 854-4808 FAX


By:    /s/ Sherine E. Thomas
Sherine E. Thomas
Assistant County Attorney
State Bar No. 00794734
sherine.thomas@traviscountytx.gov
Sharon K. Talley
Assistant Travis County Attorney
State Bar No. 19627575
sharon.talley@traviscountytx.gov
Anthony J. Nelson
Assistant County Attorney
State Bar No. 14885800
tony.nelson@traviscountytx.gov
Laurie R. Eiserloh
Assistant County Attorney
State Bar No. 06506270
laurie.eiserloh@traviscountytx.gov
Tim Labadie
Assistant County Attorney
tim.labadie@traviscountytx.gov

ATTORNEYS FOR TRAVIS COUNTY DEFENDANTS

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 26th day of May, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

**Via Electronic Mail**
Sherine E. Thomas
Sharon Talley
Anthony J. Nelson
Laurie R. Eiserloh
Tim Labadie
P.O. Box 1748
Austin, Texas 78767
**ATTORNEYS FOR DEFENDANTS, TRAVIS COUNTY AND SHERIFF HERNANDEZ**

**Via Electronic Mail**
Christopher Coppola
Michael J. Weills Siegel

City of Austin – Law Department
P. O. Box 1546
Austin, Texas 78767-1546
Telephone: (512) 974-2888
Facsimile: (512) 974-1311
**ATTORNEYS FOR DEFENDANTS CITY OF AUSTIN AND INDIVIDUAL CITY DEFENDANTS**

**Via Electronic Mail**
Ken Paxton
Attorney General of Texas
Jeffrey C. Mateer
First Assistant Attorney General
Brantley D. Starr
Deputy First Assistant Attorney General
Brantley.starr@oas.texas.gov
Michael C. Toth
Special Counsel to the First Assistant,
Attorney General
Andrew D. Leonie
Associate Deputy Attorney General
Austin D. Leonie
Associate Deputy Attorney General
Austin R. Nimocks
Associate Deputy Attorney General
Darren McCarty
Special Counsel for Civil Litigation
David J. Hacker
Senior Counsel
Joel Stonedale
Counsel

Office of Special Litigation
Attorney General of Texas
P.O. Box 12548, Mail Code 009
Austin, Texas 78711-2548
**ATTORNEYS FOR TEXAS**

/s/ Sherine E. Thomas

Amended Motion to Dismiss Pursuant to Rule12(b)(1)
494996_1: Eiserloh, L                          10

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **TEXAS,** | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | |
| **TRAVIS COUNTY, TEXAS;** | § | |
| **SALLY HERNANDEZ, in her official** | § | |
| **capacity as Sheriff of Travis County,** | § | |
| **Texas; CITY OF AUSTIN, TEXAS;** | § | |
| **ORA HOUSTON, DELIA GARZA,** | § | Civil Action No. 1:17-cv-00425-SS |
| **SABINO RENTERIA, GREGORIO** | § | |
| **CASAR, ANN KITCHEN, JIMMY** | § | |
| **FLANNIGAN, LESLIE POOL,** | § | |
| **ELLEN TROXCLAIR, KATHIE TOVO,** | § | |
| **And ALISON ALTER, all in their official** | § | |
| **Capacities as City Council Members of** | § | |
| **The City of Austin, Texas; STEVE** | § | |
| **ADLER, in his official capacity as** | § | |
| **Mayor of the City of Austin, Texas;** | § | |
| **ELAINE HART, in her official capacity** | § | |
| **as Interim City Manager of the City of** | § | |
| **Austin, Texas; and the MEXICAN** | § | |
| **AMERICAN LEGAL DEFENSE AND** | § | |
| **EDUCATION FUND;** | § | |
| *Defendant.* | § | |

## PROPOSED ORDER GRANTING DEFENDANTS TRAVIS COUNTY AND SHERIFF SALLY HERNANDEZ'S AMENDED MOTION TO DISMISS PURSUANT TO RULE 12(b)(1)

Before the Court is Defendants' Amended Motion to to Dismiss Pursuant to Rule 12(b)(1). After careful consideration of the Motion, Plaintiff's response, if any, and the pleadings filed by the parties, the Court is of the opinion that the Motion has merit and should be GRANTED. Accordingly, it is therefore

ORDERED, ADJUDGED and DECREED that Plaintiff's Causes of Action against Defendants Travis County, Texas and Travis County Sheriff Sally Hernandez are herby dismissed.

 

_____

Honorable Sam Sparks, Presiding Judge