IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| TEXAS; and KEN PAXTON, in his official capacity as Texas Attorney General,<br><br>*Plaintiffs*,<br><br>v.<br><br>TRAVIS COUNTY, TEXAS; SALLY HERNANDEZ, in her official capacity as Sheriff of Travis County; CITY OF AUSTIN, TEXAS; ORA HOUSTON, DELIA GARZA, SABINO RENTERIA, GREGORIO CASAR, ANN KITCHEN, JIMMY FLANNIGAN, LESLIE POOL, ELLEN TROXCLAIR, KATHIE TOVO, and ALISON ALTER, all in their official capacities as City Council Members of the City of Austin; STEVE ADLER, in his official capacity as Mayor of the City of Austin; ELAINE HART, in her official capacity as Interim City Manager of the City of Austin; EL PASO COUNTY, TEXAS; RICHARD WILES, in his official capacity as Sheriff of El Paso County; CITY OF EL CENIZO, TEXAS; RAUL L. REYES, in his official capacity as Mayor of the City El Cenizo; TOM SCHMERBER, in his official capacity as Sheriff of Maverick County; MARIO A. HERNANDEZ, in his official capacity as Constable Pct. 3-1 of Maverick County; the TEXAS ORGANIZING PROJECT EDUCATION FUND; the MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATION FUND; and the LEAGUE OF UNITED LATIN AMERICAN CITIZENS,<br><br>*Defendants*. | Civ. Action No. 1:17-cv-425-SS<br><br>**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO CONSOLIDATE AND REQUEST FOR EXPEDITED RULING** |

## INTRODUCTION

In the wake of Texas enacting Senate Bill 4 ("SB 4"), largely prohibiting local policies restricting cooperation with federal immigration enforcement, many municipalities declared an intent to challenge its constitutionality. In anticipation of these lawsuits, Texas filed this declaratory judgment action the same day the Governor signed SB 4. *See Sherwin-Williams Co. v. Holmes Cty.*, 343 F.3d 383, 388 (5th Cir. 2003) (allowing for declaratory judgment action in anticipation of other threatened lawsuits); *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 591 (5th Cir. 1994) (same); *Travelers Ins. Co. v. La. Farm Bureau Fed'n, Inc.*, 996 F.2d 774, 776–77 (5th Cir. 1993) (same).

Shortly after Texas filed its declaratory suit, Defendants El Paso County and Richard Wiles (the Sheriff of El Paso County) filed suit against Texas over the constitutionality of SB 4 and raised many of the same issues pleaded in Texas's Amended Complaint. *See El Paso Cty. v. Texas*, No. 5:17-cv-459-OLG, ECF No. 1 (May 22, 2017) (W.D. Tex., San Antonio Division) ("*El Paso*") (listing causes of action under the First, Fourth, and Fourteenth Amendments, the Supremacy Clause, and the Texas Constitution). Separately, Defendants City of El Cenizo, Mayor Raul L. Reyes, Maverick County Sheriff Tom Schmerber, and Maverick County Constable Pct. 3-1 Mario A. Hernandez launched a lawsuit *the day after* Texas brought its suit. *See City of El Cenizo v. Texas,* No. 5:17-cv-404-OLG, ECF No. 1 (May 8, 2017) (W.D. Tex., San Antonio Division) ("*El Cenizo*"). The City of Austin and Travis County, original defendants in this matter, have now either moved to intervene as plaintiffs, or formally expressed their intent to do so, in yet another lawsuit, recently filed by the City of San Antonio, to determine these same constitutional issues. *See City of San Antonio v. Texas*, No. 5:17-cv-00489, ECF No. 6 (June 2, 2017) (W.D. Tex., San Antonio Division) ("*City of San Antonio*").

These San Antonio cases are pending before U.S. District Court Judge Garcia, who issued an order on June 7 consolidating the three cases. The court observed that the pleadings "involve the same issues of law" and that "[m]ost of the named defendants are also the same." *El Cenizo*, ECF No. 26 at 2. The court ordered that "the interests of justice and judicial economy warrant consolidation of the above styled cases, pursuant to Fed.R.Civ.P. 42(a)(2)." *Id.* Judge Garcia also ordered that a preliminary injunction application filed by the City of El Cenizo et al., be heard on June 26, 2017.

Texas has asked the San Antonio Division to dismiss or transfer the newly consolidated San Antonio cases pursuant to Rule 12(b)(3) and 28 U.S.C. §§ 1404 and 1406. In the interim, Texas now asks the Court to consolidate the cases in the Austin Division under the first-to-file rule. Because of the looming preliminary injunction hearing in the San Antonio Division, Texas asks the Court to expedite its consideration and decision upon this matter.

## ARGUMENT

Federal Rule of Civil Procedure 42(a)(2) permits the Court to consolidate actions that involve a common question of law or fact. "Trial judges are urged to make good use of Rule 42(a)," *Dupont v. S. Pac. Co.*, 366 F.2d 193, 195 (5th Cir. 1966), "to expedite trial and eliminate unnecessary repetition and confusion," *Miller v. U.S. Postal Serv.*, 729 F.2d 1033, 1036 (5th Cir. 1984) (citing *In re Air Crash Disaster*, 549 F.2d 1006, 1013 (5th Cir. 1977)).

"Actions that involve the same parties are apt candidates for consolidation." *Hanson v. District of Columbia*, 257 F.R.D. 19, 21 (D.D.C. 2009) (citing Charles Alan Wright, et al., 9A Fed. Prac. & Proc Civ. § 2384 (3d ed. 2017)). But "[i]dentity of the parties is not a prerequisite. To the contrary, cases may be consolidated even where certain defendants are named in only one of the Complaints or where . . . the plaintiffs are different but are asserting identical questions of law." *Nat'l Ass'n of Mortg.*

*Brokers v. Bd. of Governors of Fed. Reserve Sys.*, 770 F. Supp. 2d 283, 286 (D.D.C. 2011); *see also Utah v. U.S. Dep't of Interior*, 45 F. Supp. 2d 1279, 1281 (D. Utah 1999) (ordering consolidation of cases brought by different plaintiffs against the same defendant because they presented the same issues of law and fact). "Consolidation does not so completely merge the two cases as to deprive a party of any substantial rights that he may have had if the actions had proceeded separately, for the two suits retain their separate identities and each requires the entry of a separate judgment." *Miller*, 729 F.2d at 1036. The San Antonio cases should be consolidated with the underlying first-filed matter because the legal issues substantially overlap and consolidation will avoid duplicative litigation.

**I.     The First-to-File Rule Requires Consolidation of the Consolidated Lawsuits with this Case.**

The first-to-file rule is a principle of comity that "requires federal district courts—courts of coordinate jurisdiction and equal rank—to exercise care to avoid interference with each other's affairs." *W. Gulf Mar. Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 728 (5th Cir. 1985). This principle fosters the goal of federal district courts avoiding duplicative litigation. *Id.* at 728–29. Doing so avoids "waste," "rulings which may trench upon the authority of sister courts," and "piecemeal resolution of issues that call for a uniform result." *Id.* at 729 (citing cases); *accord Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 604 (5th Cir. 1999). This is particularly true in cases seeking a declaratory judgment or injunctive relief when the same issue is pending in litigation elsewhere. *Abbott Lab. v. Gardner*, 387 U.S. 136, 155 (1967).

Like Rule 42's consolidation standards, two cases need not be identical for the first-to-file rule to apply. *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997); *Ahmad v. ZT Grp. Int'l, Inc.*, No. A–14–CA–11O1–SS, 2015 WL 339735, at *2 (W.D. Tex. Jan. 23, 2015). Nor must the parties be the same. *Nat'l Ass'n of Mortg. Brokers*, 770 F. Supp. 2d at 286. They must only involve closely related

3

questions, common subject matter, or core issues that substantially overlap. *Texas Instruments Inc. v. Micron Semiconductor, Inc.*, 815 F. Supp. 994, 997 (E.D. Tex. 1993). A substantial relationship exists when the issues, though not identical, are similar enough that the cases would be consolidated if filed in the same court. *Save Power*, 121 F.3d at 950; *Integra Tech. Int'l, Inc. v. Durst Image Tech. US LLC*, No. A-09-CA-143-SS, 2009 WL 10669338, at *1 (W.D. Tex. Aug. 20, 2009) (Sparks, J.).

"[T]he 'first to file rule' not only determines which court may decide the merits of substantially similar issues, but also establishes which court may decide whether the second suit filed must be dismissed, stayed or transferred and consolidated." *Cadle*, 174 F.3d at 606 (quoting *Sutter Corp. v. P&P Indus., Inc.*, 125 F.3d 914, 920 (5th Cir. 1997)). As noted above, "[t]he Fifth Circuit adheres to the general rule, that the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed."[1] *Save Power*, 121 F.3d at 948. The "second court should defer" to the "court with the first case." *Id.*

In *Yeti Coolers, LLC v. Beavertail Products, LLC*, No. 1–15–CV–415 RP, 2015 WL 4759297, at *1 (W.D. Tex. Aug. 12, 2015) (Pitman, J.), the Court applied the first-to-file rule in a similar procedural scenario. There, Yeti claimed Beavertail had infringed the design patents for its coolers. *Id.* Yeti sued, but, in anticipation of a lawsuit, Beavertail had already sued in the District of Minnesota. *Id.* at *2. Yeti argued that Beavertail filed its case to prevent Yeti from litigating in its preferred forum, but the Court rejected that notion and concluded, "the filing of a declaratory judgment action in a court with jurisdiction to hear the dispute is 'not in itself improper anticipatory litigation.'" *Id.* (quoting *Sherwin–Williams*, 343 F.3d at 391).

---

[1] Also, "[u]nder the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap." *Cadle*, 174 F.3d at 603.

4

Moreover, the Minnesota action did not involve identical parties. Yeti's lawsuit included Beavertail, Innovative Outdoor Solutions, Rhino, Inc., Otter Outdoors, and Wave Armor as defendants. *Id.* at *1–3. In the District of Minnesota, Yeti was the sole defendant, with Beavertail, its parent company IOS, and Rhino as plaintiffs. *Id.* Nor did the cases involve identical causes of action. In the District of Minnesota case, Yeti did not assert counterclaims against Wave Armor or Otter, and it did not include claims for trade dress dilution under Texas law, common law misappropriation, or unjust enrichment. *Id.* at *3. But the different parties and different causes of action did not preclude application of the first-to-file rule because the issues were substantially similar in both cases. *Id.* Thus, the Court transferred Yeti's lawsuit to the District of Minnesota. *Id.* at *4.

Similarly, in *Long v. Transwood, Inc.*, Nos. 5:16-CV-192-DAE, 5:15-CV-753-DAE, 2016 WL 6078495, at *1 (W.D. Tex. Mar. 29, 2016) (Ezra, J.), the Court applied the first-to-file rule to similar cases and consolidated them for litigation. Santos filed a lawsuit in the Western District of Texas against Transwood, alleging violations of the Fair Labor Standards Act ("FLSA"). *Id.* Long filed a lawsuit in the Northern District of Texas, also alleging violations of FLSA by Transwood. *Id.* The Northern District of Texas transferred Long's case to the Western District of Texas, which assigned the case to Judge Ezra under the first-to-file rule because he was handling the Santos matter. *Id.* Judge Ezra consolidated the cases because both lawsuits alleged violations of FLSA. *Id.* at *2.

Here, this Court should apply the first-to-file rule to find that this case should be consolidated with the San Antonio cases for the same reasons articulated in *Yeti* and *Long*. First, Texas was first to file on May 7. Plaintiffs in *El Cenizo* filed on May 8, plaintiffs in *El Paso* filed on May 22, and plaintiffs in *City of San Antonio* filed on June 1. Although these suits were quickly filed in anticipation of litigation, the first-to-file rule clearly favors Texas's lawsuit. *See Twin City Ins. Co. v. Key Energy Servs.*,

5

Inc., No. , 2009 WL 1544255, at *5 (S.D. Tex. June 2, 2009) (applying first-to-file rule when parties filed on same day and one lawsuit was filed in anticipation of the other); *Eastman Med. Prods., Inc. v. E.R. Squibb & Sons, Inc.*, 199 F. Supp. 2d 590, 595 (N.D. Tex. 2002) (rejecting defendant's argument that the first-to-file rule should not be adhered to because the two parallel federal court actions were filed almost simultaneously).

Second, like *Yeti* and *Long*, the issues in all cases substantially overlap because they concern the facial constitutionality of SB 4, which, among other things, prohibits localities from having policies restricting cooperation with federal immigration officials. These legal questions require no analysis of as-applied facts because SB 4 is not operative until September 1, 2017. Instead, all cases seek pre-enforcement review of the law and ask whether SB 4 is facially valid under the United States Constitution, particularly the First, Fourth, Tenth, and Fourteenth Amendments, and whether SB 4 is preempted by federal law. *Justice v. Hoseman*, 771 F.3d 285, 291, 295 (5th Cir. 2014) (discussing the difference between a pre-enforcement facial challenge to a law's constitutionality and an as-applied challenge). When related cases are pending before two federal courts and both present precisely the same, purely legal dispute, transfer of venue to the first-filed case and consolidation is warranted. *See In re Spillman Dev. Grp., Ltd.*, 710 F.3d 299, 307 (5th Cir. 2013) (affirming transfer of similar case involving pure legal issues from Eastern District of Louisiana to Western District of Texas).

Third, like *Yeti* and *Long*, the minor differences between the named parties does not diminish the support for justification. In *Yeti*, a declaratory judgment action like this one, some parties in the case before the court were not parties in the District of Minnesota, and vice versa. But with the filing of Texas's and Attorney General Paxton's First Amended Complaint in this lawsuit, ECF No. 23, all plaintiffs in the consolidated cases before Judge Garcia are now included in this lawsuit except for

those in the latest-filed *City of San Antonio* case, which Texas intends to seek to add in a second amended complaint. The only apparent difference is thus that Governor Abbott and Director McCraw are absent defendants here. But their presence, in their official capacities, seems to have no substantive impact upon the litigation. Plaintiffs in the consolidated cases presumably sued the Governor, Attorney General, and Director McCraw because Texas is immune from suit under the Eleventh Amendment. *Ex Parte Young*, 209 U.S. 123, 159–60 (1908) (noting state is immune from suit but permitting suit against state official in his official capacity); *Hirtz v. Texas*, 974 F.2d 663, 666 (5th Cir. 1992) (same). Texas is a party to all cases—a plaintiff in this case and a defendant in the San Antonio matters. *See W. Gulf Mar. Ass'n*, 751 F.2d at 731 n.5 (noting that incomplete identity of the parties does not require the simultaneous litigation of two essentially identical actions where the parties could obtain complete relief in one forum and any missing parties could probably be joined in that action); *Needbasedapps,* 926 F. Supp. 2d at 913 ("The rule does not require that the claims or even the parties be identical.").

Since the issues in this case and the consolidated San Antonio cases overlap and the differences between the named parties are minor and immaterial, the Court should apply the first-to-file rule and consolidate the cases in this division.

## II. The San Antonio Division Is an Improper Venue to Resolve SB'4 Constitutionality.

The proper venue for the consolidated San Antonio cases lies in Austin. Many of the plaintiffs in those cases—for instance, the City of El Cenizo and the City of El Paso—lack any connection to San Antonio, and they sued the Governor and Attorney General in their official capacities. Suits against government officials in their official capacities must be brought in the division from where those officials primarily perform their duties. *See Butterworth v. Hill*, 114 U.S. 128, 132 (1885) (holding proper venue for suit against commissioner of patents was not Vermont, but Washington,

7

D.C.); *Fla. Nursing Home Ass'n v. Page*, 616 F.2d 1355, 1360 (5th Cir.1980), *rev'd on other grounds*, *Fla. Dep't of Health & Rehab. Servs. v. Fla. Nursing Home Ass'n*, 450 U.S. 147 (1981) ("The general rule in suits against public officials is that a defendant's residence for venue purpose[s] is the district where he performs his official duties."). Moreover, Austin is a more convenient forum. Accordingly, Texas filed a motion to dismiss or transfer the consolidated cases to Austin pursuant to Rule 12(b)(3) and 28 U.S.C. §§ 1404 and 1406. A copy of that filing is attached to this motion as Exhibit 1.

### III. Texas Requests An Expedited Ruling.

Complicating these competing motions and the posture of these cases for a prompt resolution, Plaintiffs in the *El Cenizo* case recently filed a lengthy motion for preliminary injunction. *See El Cenizo*, ECF No. 24 (June 5, 2017). The court has set a hearing on the preliminary injunction for June 26. In light of this quick activity in the San Antonio cases, Judge Garcia's recent order consolidating the three pending San Antonio cases, and the potential prejudice to Texas if the preliminary injunction motion proceeds to the hearing on June 26 notwithstanding Texas's filings in this case, Texas requests an expedited ruling on this Motion to consolidate these pending matters in the Austin Division. *See Cadle Co.*, 174 F.3d at 606 ("The Fifth Circuit adheres to the general rule, that the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed." (citation, quotation marks and alteration omitted)).

### CONCLUSION

The consolidated San Antonio cases and this case ask the courts to decide the same legal issues because they are essentially the same case. Since this case was first-filed, the interests of justice and judicial economy warrant consolidating these cases in Austin. Thus, Texas respectfully requests that the Court apply the first-to-

file rule and consolidate the *El Cenizo, El Paso*, and *City of San Antonio* cases with this matter, No. 1:17-cv-425-SS.

Respectfully submitted this the 8th day of June, 2017.

        KEN PAXTON
        Attorney General of Texas

        JEFFREY C. MATEER
        First Assistant Attorney General

        BRANTLEY D. STARR
        Deputy First Assistant Attorney General

        MICHAEL C. TOTH
        Special Counsel to the First Assistant Attorney General

        ANDREW D. LEONIE
        Associate Deputy Attorney General

        AUSTIN R. NIMOCKS
        Associate Deputy Attorney General

        */s/Darren McCarty*
        DARREN MCCARTY
        Special Counsel for Civil Litigation
        Texas Bar No. 24007631
        darren.mccarty@oag.texas.gov

        DAVID J. HACKER
        Senior Counsel

        JOEL STONEDALE
        Counsel

        Office of Special Litigation
        ATTORNEY GENERAL OF TEXAS
        P.O. Box 12548, Mail Code 009
        Austin, Texas 78711-2548
        (512) 936-1414
        (512) 936-0545 Fax

        *ATTORNEYS FOR TEXAS*

## CERTIFICATE OF SERVICE

     I, Darren McCarty, hereby certify that on this the 8th day of June, 2017, a true and correct copy of the foregoing document was transmitted using the CM/ECF system, which automatically sends notice and a copy of the filing to all counsel of record.

                                     */s/Darren McCarty*_____
                                       Darren McCarty