## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| TEXAS; and KEN PAXTON, | § | |
| In his official capacity as Texas | § | |
| Attorney General, | § | |
|     *Plaintiffs,* | § | |
|                v. | § | |
| | § | |
| TRAVIS COUNTY, TEXAS; | § | |
| SALLY HERNANDEZ, in her official | § | |
| capacity as Sheriff of Travis County, | § | |
| Texas; CITY OF AUSTIN, TEXAS; | § | |
| ORA HOUSTON, DELIA GARZA, | § | |
| SABINO RENTERIA, GREGORIO | § | **Civil Case No. 1:17-cv-425-SS** |
| CASAR, ANN KITCHEN, JIMMY | § | |
| FLANNIGAN, LESLIE POOL, ELLEN | § | |
| TROXCLAIR, KATHIE TOVO, and | § | |
| ALISON ALTER, all in their official | § | |
| capacities as City Council Members of | § | |
| the City of Austin, Texas; STEVE ADLER, | § | |
| in his official capacity as Mayor of the | § | |
| City of Austin, Texas; ELAINE HART, | § | |
| in her official capacity as Interim City | § | |
| Manager of the City of Austin, Texas; | § | |
| EL PASO COUNTY, TEXAS; | § | |
| RICHARD WILES, in his official capacity | § | |
| as Sheriff of El Paso County; CITY OF | § | |
| EL CENIZO, TEXAS; RAUL L. REYES, | § | |
| in his official capacity as Mayor of the | § | |
| City of El Cenizo; TOM SCHMERBER, | § | |
| in his official capacity as Sheriff of | § | |
| Maverick County; MARIO A. HERNANDEZ, | § | |
| in his official capacity as Constable Pct. 3 of | § | |
| Maverick County; the TEXAS ORGANIZING | § | |
| PROJECT EDUCATION FUND; the | § | |
| the MEXICAN AMERICAN LEGAL | § | |
| DEFENSE EDUCATION FUND; | § | |
| And the LEAGUE OF UNITED LATIN | § | |
| AMERICAN CITIZENS, | § | |
|     *Defendants*. | § | |

## <u>DEFENDANTS TRAVIS COUNTY, SHERIFF SALLY HERNANDEZ, AND CITY OF AUSTIN′S JOINT RESPONSE TO STATE'S MOTION TO CONSOLIDATE</u>

**TO THE HONORABLE JUDGE SAM SPARKS**:

COME NOW, Defendants Travis County and Sheriff Sally Hernandez, in her official capacity as Sheriff of Travis County, (hereafter "Travis County") and all City of Austin Defendants'[1] (hereafter "the City") and file this, their Joint Response to State's Motion to Consolidate. Travis County and the City respectfully move the Court to deny or dismiss as moot Plaintiff State of Texas' (hereafter "the State") Motion to Consolidate, and in support thereof Travis County and the City offer the following:

## I.   SUMMARY

The State filed a Motion to Consolidate [Dkt. 24] requesting this Court to consolidate a case from San Antonio, Civil Action No. 5:17-cv-459-OLG; *El Paso County, et al v. Texas, et al;* in the United States District Court for the Western District of Texas; San Antonio Division (hereafter "*El Paso* Case") into the instant case, 1:17-cv-00425-SS (hereafter "Instant Case"). This is the second Motion to Consolidate filed in this case. Previously, the State filed a Motion to Consolidate another case from San Antonio, Civil Action 5:17-CV-404-OLG, *El Cenizo et al. v. State of Texas et al*. [Dkt. 17]. Travis County and the City of Austin filed a Joint Response to the Motion to Consolidate. [Dkt. 21].

On June 6, Judge Garcia consolidated the following three cases filed in San Antonio: Civil Action No. 5:17-CV-404-OLG, *El Cenizo et al v. State of Texas et al*; Civil Action No. 5:17-CV-459-OLG, *El Paso County et al v. State of Texas et al*; and Civil Action No, 5:17-CV-489-OLG, *City of San Antonio et al v. State of Texas et al*. [Dkt. 27 in Action No. 5:17-CV-404-OLG]. The Court also denied as moot without prejudice to refiling the State of Texas' motions

---

[1] "City of Austin" refers to the City of Austin, and its elected and appointed officials sued in their official capacities, specifically, Mayor Adler, Council members Houston, Garza, Renteria, Casar, Kitchen, Alter, Flannigan, Pool, Troxlair, Tovo and Interim City Manager Hart.

to dismiss or transfer venue. [Dkt. 27 in Action No. 5:17-CV-404-OLG]. The State has indicated that they will be filing a renewed Motion to Dismiss or transfer venue in the consolidated cases. Judge Garcia has set the consolidate case for a preliminary injunction hearing for June 26, 2017. [Dkt. 29 in Civil Action No. 5:17-CV-00404-OLG]. In light of the posture of that San Antonio matter, Travis County intends to file a Motion to Intervene in the consolidated matter. The City has already filed a motion to intervene in the *City of San Antonio* case.

In support of dismissal, Travis County and the City assert that the Court should dismiss the State's Complaint for Declaratory Judgment [Dkt. 1, amended by Dkt. 23] in the Instant Case; thus mooting the State's Motion to Consolidate the *El Paso* Case into the Instant Case. *Benton v. U.S. E.P.A.,* 2013 WL 4483091 *1 (N.D. Tex. 2013) (finding a motion to consolidate moot after deciding that it lacked subject matter jurisdiction over plaintiff's claim). It appears that the State has filed the Instant Case to take advantage of the "First-to-File" rule, thereby, provoking a "disorderly race to the courthouse" by some of those parties who are interested in S.B. 4. Such action by the State is neither supported by the Fifth Circuit nor the Supreme Court. *909 Corp. v. Village of Bolingbrook Police Pension Fund*, 741 F. Supp. 1290, 1292-93 (S.D. Tex. 1990) *citing Amerada Petroleum Corp., v. Marshall*, 381 F. 2d 661, 663 (5th Cir. 1967), cert. denied 389 U.S. 1029 (1968); *see also Cunningham Brothers, Inc. v. Bail*, 407 F. 2d 1165, 1167-69 (7th Cir. 1969), cert. denied, 395 U.S. 959 89 S.Ct. 2100, 23 L.Ed.2d 745 (1969) (holding that it is improper use of the Declaratory Judgment Act to permit an alleged tort-feasor to sue prospective plaintiffs in the forum and at the time of the alleged tort-feasor's choosing).

While it is likely that the State's Motion to Consolidate is moot because of Travis County and the City's pending Motions to Dismiss, Travis County and the City offer the following argument in favor of dismissal on the merits: the cases relied on by the State allegedly supporting

mandatory venue in the Austin Division apply to the federal government and federal officials and not to a state or state officials. (See discussion, *infra*.).

## II.  PROCEDURAL BACKGROUND AND STATE'S ALLEGATIONS

In addition to the recent developments described above, the City and County have previously set forth the procedural history of this case in their first joint response to Texas' Motion to Consolidate [Dkt. 21]. The State's First Amended Complaint [Dkt. 23] still fails to trigger this Court's jurisdiction because the State still improperly proceeds as a Plaintiff. [Dkt. 21].

## III.  ARGUMENT AND AUTHORITIES

The State asks this Court to consolidate here in the Austin Division the Instant Case with the *El Paso* Case. In support of the Motion to Consolidate, the State asserts: (1) that the "First-to- File" rule requires consolidation in Travis County; and (2) that the San Antonio Division is an improper venue for the *El Paso County* case. As set forth below, the State provides no valid argument in support of consolidation of the *El Paso County* case with the Instant Case in the Austin Division.

### A.  First-to-File rule should not be applied and case should be dismissed.

"Courts in the Fifth Circuit generally follow a 'first-filed rule' in deciding which Court should maintain jurisdiction over claims that arise out of the same subject matter but are pressed in different suits." *Igloo Products Corp. v. Mounties, Inc.,* 735 F.Supp. 214, 217 (S.D.Tex.1990) (quoting *West Gulf Maritime Association v. ILA Deep Sea Local 24,* 751 F.2d 721, 730 (5th Cir.1985)). However, courts have recognized that a compelling circumstance may exist to dismiss a case and avoid the operation of the first filed rule. *Id.* at 217; *see also*, *Mission Insurance Co. v. Puritan Fashions Corp.,* 706 F.2d 599, 601 (5th Cir. 1983) and *909*

*Corporation v. Village of Bolingbrook Police Pension Fund*, 741 F. Supp. 1290, 1292-1293 (S.D. Tex. 1990).

Accordingly, "courts have held that a declaratory claim should be dismissed if it was filed for the purpose of anticipating a trial of the same issues in a court of coordinate jurisdiction." *See Mission Insurance,* 706 F.2d at 602; *Amerada Petroleum Corp.,* 381 F.2d at 663); *E.F. Hutton & Co. v. Cook,* 292 F.Supp. 409, 410 (S.D.Tex. 1968). "The Court cannot allow a party to secure a more favorable forum by filing an action for declaratory judgment when it has notice that the other party intends to file suit involving the same issues in a different forum." *See, e.g., Hanes Corp. v. Millard,* 531 F.2d 585, 592–93 (D.C. Cir. 1976) (anticipation of defenses is ordinarily not a proper use of the declaratory judgment act as it "provokes a disorderly race to the courthouse"); *Cunningham Brothers, Inc.,* 407 F.2d at 1167-69).

On May 7, 2017, immediately after Governor Abbott signed S.B.4,[2] the State rushed to file its Complaint for Declaratory Judgement in the Instant Case and named local governments, elected officials and a non-profit advocacy group as defendants. In the Instant Case, the State is requesting that this Court declare the State's own statute, Senate Bill 4, constitutional even though S.B. 4 is already presumed to be constitutional under Texas law. *Burlington Northern & Santa Fe Ry.Co. v. Poole Chemical Co*., 419 F. 3d 355, 361 (5th Cir. 2005) citing *Enron Corp. v. Spring Indep. Sch. Dist*., 922 S.W. 2d 931, 934 (Tex. 1996).

In an effort to establish a strawman defendant, the State relies on two incorrect assertions to establish jurisdiction for the Instant Case. First, the State asserts, misleadingly, that S.B. 4 is "law as of May 7, 2017" [Dkt. 23 p. 22] even though it will not become effective until September 1, 2017. Second, the State asserts that statements made by Sheriff Hernandez and Travis County Judge Eckhardt prior to S.B. 4's passage constitute a current violation of the S.B. 4 because these

---

[2] Senate Bill 4 does not become effective until September 1, 2017.

officials were publicly opposed to the concepts underlying S.B. 4. [Dkt. 23 p. 28-29]. The State further complains that Travis County, generally, does not cooperate with federal immigration detainer requests and that this alleged lack of cooperation hampers the federal government's authority. [Dkt. 23]. Additionally, the State complains that named City Council members "openly refuse to comply with Texas law" and are policy makers for the City, [Dkt. 23] and that Mayor Adler and Acting City Manager Elaine Hart are responsible for enforcement of City policies and procedures. [Dkt. 23].

Clearly, the race to the courthouse by the State moments after the Governor signed Senate Bill 4 was not to remedy some actual injury or to assert a justiciable claim, but rather an inappropriate attempt to "secure a forum." The State admits as much when it pleads that the Instant Case (and the *El Paso* Case) were "quickly filed in anticipation of litigation." [Dkt. 17-1 page 5].

**B. Given the lack of jurisdiction in the Instant Case, the First-to-File rule should not apply.**

The State's Complaint for Declaratory Judgment has not triggered this trial court's jurisdiction and should be dismissed.[3] The State's failure to trigger this Court's jurisdiction is a compelling reason to deny the Motion to Consolidate or grant the Motions to Dismiss and moot the State's Motion to Consolidate.

### 1. The State is not, and will never be, the proper plaintiff; thus, lacks standing.

While a federal court would have jurisdiction to determine whether or not S.B. 4 complies with various aspects of the United States Constitution, the State is not, and never can be, the proper plaintiff to request such a determination: not now and not after S.B. 4 goes into effect on September 1. As a plaintiff requesting a judicial affirmation of its own statute, a statute

---

[3] Travis County and the City adopt by reference the arguments and authorities set out in their respective amended motions to dismiss [Dkt. 26, 27].

that is already presumed constitutional, the State does not have standing to pursue such a declaration by a federal court.

The jurisdiction of the Federal Court is both "defined and limited by Article III of the Constitution." *Susan B. Anthony List v. Driehaus,* 134 S. Ct. 2334, 2341 (2014). Further, the Court's power is restricted to "cases and controversies." *Id*. The doctrine of standing gives meaning to which disputes are appropriately resolved through the judicial process. *Id*. In making a determination on standing for Article III purposes, courts must make two inquiries: (1) is the party who is attempting to invoke federal court jurisdiction a proper party to bring the claim; and (2) what is the claim sought to be adjudicated. *Flast v. Cohen,* 392 U.S. 83, 99-102 (1968); *see also Warth v. Seldon,* 422 U.S. 490 (1975). To determine whether a party has standing, courts must discern, the "nexus between the status asserted by the litigant and the claim he presents to insure that [the litigant] is a proper and appropriate party to invoke federal jurisdiction." *Flast,* 392 U.S. at 102.

Regarding part one of the standing inquiry, "the question is whether the person whose standing is challenged is a proper party to request an adjudication of a particular issue and not whether the issue itself is justiciable". *Id at* 99-100. The Supreme Court continues, "A proper party is demanded so that federal courts will not be asked to decide 'ill-defined controversies over constitutional issues.'" *Id. citing United Public Workers of America v. Mitchell,* 330 U.S. at 90. The Supreme Court likens the "proper party" aspect of the standing inquiry to the rule that the federal courts will not entertain friendly lawsuits. *Flast*, 392 U.S. at 100.

As for part two of the standing inquiry, i.e.*,* the dispute in question, the inquiry is as follows: "whether the dispute touches upon 'the legal relation of parties having adverse legal interests.'" *Id*. quoting *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 27, 240-241 (1937).

When applying part one of the standing analysis to the Instant Case, it is evident that the State will never be a proper plaintiff for seeking a declaration on the constitutionality of its own statute. This is because the statute is presumed constitutional and any opinion rendered in favor of the State would just be further affirmation of the statute's constitutionality, and thereby advisory in nature. (See discussion, *infra*). In seeking this affirmation by the Court, the State is like a party in a friendly lawsuit, seeking a court to "sign off" on something that the State already presumes is true, i.e., the alleged constitutionality of S.B. 4.

As to the second part of the inquiry, i.e., the claim sought to be adjudicated, the constitutionality of S.B. 4 could, appropriately, be called into question, but that cause must be asserted by parties who are *challenging* the constitutionality of S.B 4, and therefore, have legal interests that are *adverse* to those of the State. *Flast*, 392 U.S. at 101-102. Such a party would be a proper party to challenge the constitutionality of S.B. 4. *Id.* at 99-101. For these reasons, the Motion to Dismiss should be granted, and the State's Motion to Consolidate should be denied.

### a. State is seeking an advisory opinion contrary to Article III of the US Constitution.

In essence, the State is seeking an advisory opinion from the Honorable Court and such a request is not justiciable. *Id.* at 95-96. In quoting a well-known treatise, the Supreme Court asserts that 'the oldest and most consistent thread in federal law of justiciability is that federal courts will not give advisory opinions.'" *Id.* at 96. quoting C. Wright, Federal Courts 34 (1963). Regarding advisory opinions, the Supreme Court cautions, "[w]hen a court is asked to provide an opinion on actions of the legislative branch, without a dispute that could be resolved through the judicial process, such opinion would be contrary to the separation of powers prescribed by the Constitution under Article III, and thereby, such court would lack jurisdiction over the issue." *Id*. Here, the State's First Amended Complaint [Dkt. 23] requesting that the Honorable Court

declare as constitutional a statute that is already presumed constitutional under Texas law, lacks a concrete dispute that can be resolved through the judicial process.  Any opinion rendered by the Honorable Court on the validity of the State's Complaint would be advisory in nature.  For this reason, the Instant Case should be dismissed for lack of jurisdiction and the State's Motion to Consolidate should be dismissed as moot or denied.

### b.  The State does not meet the requirements of the Declaratory Judgment Act.

In the alternative, and in addition to the preceding arguments, Travis County and the City assert an additional reason for dismissal: the State does not meet the requirements of the Declaratory Judgment Act.  Despite the hypothetical nature of the State's claims, it has chosen to sue Travis County and the City pursuant to the Declaratory Judgement Act.  The Declaratory Judgment Act limits a court to deciding an "actual controversy within its jurisdiction."  28 U.S.C. 2201.  Also see, *Golden v. Zwickler*, 394 U.S. 103, 109-110 (1969).  For a court to adjudicate constitutional issues, those issues must be "concrete legal issues, presented in actual cases, not abstractions."  *Id.* at 108, quoting *United Public Workers of American v. Mitchell*, 330 U.S. 75, 89 (1947).  As the Supreme Court holds, "No federal court whether this court or district court, has '**jurisdiction to pronounce any statute, either of a state** or of the United States, **void, because it is irreconcilable with the constitution, except as it is called upon to adjudge the legal rights of litigants in actual controversies.**'  The express limitation of the Declaratory Judgment Act to cases of actual controversy is an explicit recognition of this principle."  *Golden,* 394 U.S. at 110, quoting *Liverpool, N.Y. & P.S.S. Co. v. Commissioners*, 113 U.S. 22, 39 (1885).  (Emphasis added).  While there may be a forum for the federal government or the State to address immigration enforcement concerns regarding Travis County or the City, a declaratory judgement action in federal court is not the correct vehicle or forum.

Defendants Travis County Sheriff Sally Hernandez, and City of Austin's Joint Response to State's Motion to Consolidate
500876_1 / 329.201                                                9

The State's failure to trigger this Court's jurisdiction is a compelling reason not to consolidate cases. Rather the Court should dismiss the underlying claims and moot the Motion to Consolidate. *Benton v. U.S. E.P.A.,* 2013 WL 4483091 *1.

**IV. San Antonio Division is a proper venue for the cases pending before Judge Garcia.**

Given that the State's Motion to Consolidate is moot, Travis County and the City assert there is no reason for the Court to address the merits of the State's argument on consolidation, Nonetheless, Travis County and the City will briefly address the merits of the State's Motion.

The State asserts that San Antonio is an improper venue for the pending S.B. 4 lawsuits. In support of this argument, the State relies on two cases: *Butterworth v. Hill*, 114 U.S. 128 (1885) and *Fla. Nursing Home Ass'n v. Page*, 616 F.2d 1355, 1360 (5th Cir. 1980), rev'd on other grounds, *Fla. Dep't of Health and Rehab. Servs. Vl Fla. Nursing Home Ass'n* , 450 U.S. 147 (1981). Both of these cases concern venue for lawsuits against federal officials, and apparently, these cases pre-date 28 U.S.C. 1391(e) which addresses venue for suits against officers and employees of the United States. Given that in the *El Paso* Case, the **State and its officials** are defendants, the above two cases, relied on by the State in its Motion to Consolidate are irrelevant.

In fact the Fifth Circuit's opinion relied on by the State actually undermines the State's argument that venue is mandatory in Austin. As the Fifth Circuit, and the State assert, "[t]he general rule in suits against public officials is that the defendant's residence for venue purposes is where he performs his official duties." *Fla. Nursing Home Ass'n,* 616 F.2d at 1360 and [DKT 17 page 7]. But from this point on, the State and Fifth Circuit part ways. The Fifth Circuit continues, "[h]owever, a **state agency or official** does not necessarily have a single residence." *Id.* (emphasis added). While the federal government, "would be faced with serious difficulties if it were forced to answer in a multitude of forums. . . **such problems are significantly less**

**serious in the context of a suit against a state governmental entity or officials**." *Id.* (internal citations and quotations omitted and emphasis added). Thus, there is not blanket rule of venue pertaining to State governments or officials whereby there is only "a single residence" for such officials. *Id.* Given that there is no mandatory venue requirement that privileges the Austin Division over San Antonio for suits against the State or its officials, there is no compelling reason to consolidate the *El Paso* Case in Austin with the Instant Case.

Given that three matters are pending in San Antonio, and that no mandatory venue statute requires these S.B. 4 cases to be filed in Austin, the State's arguments must fail. Judge Garcia consolidated the following three cases: Civil Action No. 5:17-CV-404-OLG, *El Cenizo et al v. State of Texas et al*; Civil Action No. 5:17-CV-459-OLG, *El Paso County et al v. State of Texas et al*; and Civil Action No, 5:17-CV-489-OLG, *City of San Antonio et al v. State of Texas et al*. [Dkt. 27 in Action No. 5:17-CV-404-OLG]. It is important to note that the consolidated cases have parties located in San Antonio. For example, LULAC – Texas is located in San Antonio and is a party to the *El Cenizo* Case. [Dkt. 21 in *El Cenizo* Case] and the City of San Antonio is a party in Civil Action No, 5:17-CV-489-OLG, *City of San Antonio et al v. State of Texas et al*.

### B. Conclusion

Travis County and the City respectfully request that the Honorable Court deny the State's Motion to Consolidate because the Court lacks subject matter jurisdiction over the underlying Complaint for the following reasons: (1) the State is not, and never can be, the proper plaintiff to seek a declaration affirming the constitutionality of S.B. 4, a statute that is, by state law, presumed constitutional until a court finds otherwise; (2) the State seeks a declaration by the Court that the State's own statute, S.B. 4, complies with the U.S. Constitution, and thereby, the State seeks an opinion from the Court that is advisory in nature; (3) the State's Complaint fails to

comply with the requirements of the Declaratory Judgment Act. For these reasons, the "First-to-File" rule should not be applied in this instance and this Court should dismiss the State's Complaint and moot the Motion to Consolidate. *Benton v. U.S. E.P.A.,* 2013 WL 4483091 *1. In the alternative, the State's Motion to Consolidate should be denied because the State fails to show any compelling or mandatory reason for the S.B. 4 cases to be consolidated in Austin.

## V.     PRAYER

For these reasons Travis County and the City respectfully pray that the Honorable Court deny State's Motion to Consolidate or dismiss it as moot, and for all other relief both at law and in equity to which they may be justly entitled.

Respectfully submitted,

**DAVID A. ESCAMILLA**
**TRAVIS COUNTY ATTORNEY**
P. O. Box 1748
Austin, Texas  78767
(512) 854-9415
(512) 854-4808 FAX

By:     /s/ Sherine E. Thomas
Sherine E. Thomas
Assistant County Attorney
State Bar No. 00794734
sherine.thomas@traviscountytx.gov
Sharon K. Talley
Assistant County Attorney
State Bar No. 19627575
sharon.talley@traviscountytx.gov
Anthony J. Nelson
Assistant County Attorney
State Bar No. 14885800
tony.nelson@traviscountytx.gov
Laurie R. Eiserloh
Assistant County Attorney
State Bar No. 06506270
laurie.eiserloh@traviscountytx.gov
Tim Labadie
Assistant County Attorney

        State Bar No. 11784853
        tim.labadie@traviscountytx.gov

        **ATTORNEYS FOR TRAVIS COUNTY DEFENDANTS**

        **ANNE L. MORGAN, CITY ATTORNEY**
        MEGHAN L. RILEY,
        CHIEF OF LITIGATION

By:   /s/ Michael Siegel
        Michael Siegel
        State Bar No. 24093148
        Michael.seigel@austintexas.gov
        Christopher Coppola
        State Bar No. 24036401
        Christopher.coppola@austintexas.gov
        ASSISTANT CITY ATTORNEYS
        City of Austin-Law Department
        P.O. Box 1546
        Austin, Texas 78767-1546
        (512)974-2888
        (512)974-1311 (FAX)

        **ATTORNEYS FOR THE CITY OF AUSTIN**

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of June, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

**Via Electronic Mail**

Ken Paxton
Attorney General of Texas
Jeffrey C. Mateer
First Assistant Attorney General
Brantley D. Starr
Deputy First Assistant Attorney General
Brantley.starr@oas.texas.gov
Michael C. Toth
Special Counsel to the First Assistant,
Attorney General
Andrew D. Leonie
Associate Deputy Attorney General
Austin R. Nimocks
Associate Deputy Attorney General
Darren McCarty
Special Counsel for Civil Litigation
Darren.mccarty@oag.texas.gov
David J. Hacker
Senior Counsel
Joel Stonedale
Counsel

Office of Special Litigation
Attorney General of Texas
P.O. Box 12548, Mail Code 009
Austin, Texas 78711-2548

**ATTORNEYS FOR TEXAS**

Nina Perales
nperales@maldef.org
110 Broadway, Ste. 300
San Antonio, TX 78205
**ATTORNEY FOR MALDEF**

Jo Anne Bernal
Joanne.bernal@ca.epcounty.com
Office of the County Attorney
El Paso County Bldg.
500 E. San Antonio St., Rm. 203
El Paso, TX 79901

Jose Garza
jgarza@trla.org
Law Office of Jose Garza
7414 Robin Rest Dr.
San Antonio, TX 78209

Michael Patrick Moran
Michael@ggmtx.com
Garza Golando Moran, PLLC
115 E. Travis St., Ste. 1235
San Antonio, TX 78205

**ATTORNEYS FOR EL PASO COUNTY**

Efren Carlos Olivares
Efren@texascivilrightsproject.org
Texas Civil Rights Project
1017 W. Hackberry
Alamo, TX 78516

Mimi M.D. Marziani
mimi@texascivilrightsproject.org
1405 Montopolis Drive
Austin, TX 78741

**ATTORNEYS FOR TOPEF**

/s/ Sherine E. Thomas

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| TEXAS; and KEN PAXTON, § | | |
| In his official capacity as Texas § | | |
| Attorney General, § | | |
| § | | |
| *Plaintiffs,* § | | |
| v. § | | |
| § | | |
| TRAVIS COUNTY, TEXAS; § | | |
| SALLY HERNANDEZ, in her official § | | |
| Capacity as Sheriff of Travis County, § | | |
| Texas; § | | |
| CITY OF AUSTIN, TEXAS; § | | |
| ORA HOUSTON, DELIA GARZA, § | | |
| SABINO RENTERIA, GREGORIO § | **Civil Case No. 1:17-cv-425-SS** | |
| CASAR, ANN KITCHEN, JIMMY § | | |
| FLANNIGAN, LESLIE POOL, ELLEN § | | |
| TROXCLAIR, KATHIE TOVO, and § | | |
| ALISON ALTER, all in their official § | | |
| Capacities as City Council Members of § | | |
| the City of Austin, Texas; § | | |
| STEVE ADLER, in his official capacity § | | |
| as Mayor of the City of Austin, Texas; § | | |
| ELAINE HART, in her official capacity § | | |
| As Interim City Manager of the City of § | | |
| Austin, Texas; § | | |
| EL PASO COUNTY, TEXAS; § | | |
| RICHARD WILES, in his official capacity § | | |
| as Sheriff of El Paso County; § | | |
| CITY OF EL CENIZO, TEXAS; § | | |
| RAUL L. REYES, in his official capacity § | | |
| As Mayor of the City of El Cenizo; § | | |
| TOM SCHMERBER, in his official § | | |
| Capacity as Sheriff of Maverick County; § | | |
| MARIO A. HERNANDEZ, in his official § | | |
| Capacity as Constable Pct. 301 of § | | |
| Maverick County; § | | |
| the TEXAS ORGANIZING PROJECT § | | |
| EDUCATION FUND; § | | |
| The MEXICAN AMERICAN LEGAL § | | |
| DEFENSE EDUCATION FUND; § | | |
| And the LEAGUE OF UNITED LATIN § | | |

| | |
|---|---|
| AMERICAN CITIZENS, | § |
| | § |
| *Defendants*. | § |
| | § |

**PROPOSED ORDER DENYING STATE'S MOTION TO CONSOLIDATE**

Before the Court is State's Motion to Consolidate. After careful consideration of the Motion, Travis County's and the City's joint response, the State's reply, if any, and the pleadings filed by the parties, the Court is of the opinion that the Motion does not have merit and should be DENIED. Accordingly, it is therefore

ORDERED, ADJUDGED and DECREED that State of Texas' Motion to Consolidate is DENIED in its entirety.

_____

Honorable Sam Sparks, Presiding Judge